## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **CARLOS VENTURA MARTINEZ** | **CIVIL ACTION NO. 25-1445 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DONALD J TRUMP ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3), filed by the habeas petitioner in this case, Carlos Ventura Martinez ("Petitioner"). Donald Trump, Kristi Noem, Pam Bondi, Todd Lyons, Brian Acuna, and the Executive Office of Immigration Review (collectively, "Respondents") oppose the Motion. *See* ECF No. 15. Petitioner replied. *See* ECF No. 16.

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

### I.   BACKGROUND

Carlos Ventura Martinez is a Salvadoran national, *see* ECF No. 1 at 7, who entered the United States in 2013, *see* ECF No. 1-3 at 2. On June 17, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") in Prince George's County, Maryland, *see id.* at 2–3, and transferred to Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains in ICE custody, *see* ECF No. 1 at 5. Petitioner was granted bond by the immigration judge ("IJ"), *see id.* at 8, but the Department of Homeland Security ("DHS") immediately appealed the IJ's ruling to the Board of Immigration Appeals ("BIA"), *see id.* at 8. The BIA vacated the IJ's bond determination, finding Petitioner subject to mandatory detention. *See id.* at 8–9.

1

Convinced that the BIA erred in its determination, Petitioner filed a habeas Petition, *see* ECF No. 1, and the instant Motion, *see* ECF No. 3, with this Court, seeking release. Simply put, the dispute boils down to whether Petitioner's detention falls under Section 1225 or Section 1226 of Title 8 of the United States Code. *See* 8 U.S.C. § 1225 & 1226. Petitioner argues that, as an "alien already present in the United States," he is entitled to a bond determination. *See* ECF No. 16 at 5 (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018)). Respondents argue that Petitioner, as someone who has never encountered immigration authorities until the present matter, falls under Section 1225, which would make him ineligible for bond. *See* ECF No. 15 at 6. The IJ agreed with Petitioner, but the BIA did not. *See* ECF No. 1 at 8–9. Instead, the BIA relied on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which stands for the proposition that any alien present in the United States not yet admitted is subject to mandatory detention. Petitioner contends that *Hurtado* is incorrect and that this Court is empowered to ignore it, ignore the BIA's vacatur, and grant him bond. Agreed. We address their substantive arguments further below.

## II.    ANALYSIS

### A. Jurisdiction

Respondents question our jurisdiction, so we dispense with that at the threshold. *See Calogero v. Shows, Cali & Walsh, L.L.P.,* 95 F.4th 951, 958 (5th Cir. 2024) ("As always, jurisdiction first."). Respondents first contend that 8 U.S.C. § 1252(g) bars this Court's involvement here because it precludes our review of cases arising from the decision or action to execute removal orders. *See* ECF No. 15 at 19–20. The BIA's denial of bond based upon its alleged misapplication of Section 1225 is

not a "decision or action … to ... execute [a] removal order[]." *See* 8 U.S.C. § 1252(g); *Rodriguez v. Bostock*, 2025 WL 2782499, at **9–10 (W.D.Wash., 2025) (holding that Section 1252(g) does not apply to bond determinations turning on "purely legal" questions); *S.D.B.B., v. Johnson*, 2025 WL 2845170, at *3 (M.D.N.C., 2025) (Schroeder, J.) (holding that when a "[p]etitioner challenges his detention and not the pending hearing, his claims fall outside § 1252(g)'s scope."); *Kong v. United States*, 62 F.4th 608, 618 (1st Cir. 2023) (holding that Section 1252(g) insulates only the discretionary decision to commence removal, not related, potentially unlawful acts).

Section 1252(b)(9) does not clearly preclude this Court's review either. Section 1252(b)(9) prohibits federal district court "review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." *See* 8 U.S.C. § 1252(b)(9). "But that provision doesn't help the government here because it 'applies only with respect to review of an order of removal under [8 U.S.C. § 1252(a)(1)].'" *Casa de Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 697 (4th Cir. 2019) (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)). Because the instant action does not constitute "judicial review of an order of removal" and is instead a dispute over the availability of bond, Section 1252(b)(9) does not apply. *See S.D.D.B.*, 2025 WL 2845170, at *3 ("Petitioner does not challenge any removal order because no order of removal has yet been entered against him. Rather, he challenges the constitutionality and legality of his detention during the period before his removal hearing, …. [t]hus, § 1252(b)(9) does not deprive the court of jurisdiction."); *Rodriguez*, 2025 WL 2782499, at *10 (citing *Jennings*, 583 U.S at 291-92 ("[T]he

3

Supreme Court has directly considered and rejected the argument that section 1252(b)(9) bars review of legal questions concerning the detention provisions of sections 1225 and 1226."). Altogether, the Court finds Respondents' jurisdictional arguments regarding Section 1252, at this nascent stage, unavailing.

### B. Whether a TRO and/or Preliminary Injunction Should Issue

To obtain a TRO or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order."). Elements three and four merge "when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435-36 (2009). And the decision of whether to grant or deny a TRO or preliminary injunction lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017); *see also Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985).

### 1. Likelihood of Success on the Merits

Petitioner is likely to succeed on the merits of his habeas claim. As an "alien already present in the United States," he is subject to Section 1226, not Section 1225,

4

and is thus not subject to mandatory detention. *See Kostak v. Trump*, 2025 WL 2472136, at **2–3 (W.D.La., 2025) (holding that mandatory detention of aliens like Petitioner "under Section 1225 was erroneous..." and that they are instead subject to Section 1226); *see also Lopez Santos v. Noem*, 2025 WL 2642278, at **3–5 (W.D.La., 2025) (Doughty, C.J.) (holding same).[1]   What the BIA thinks of the matter, as expressed *In the Matter of Yajure Hurtado*, 29 I&N Dec. 216 (2025), is of no moment, as it is principally *our* job to interpret statutes. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385 (2024). "And the Court respectfully disagrees with how the BIA reads §§ 1226(a) and 1225(b)(2)(A) in conjunction with one another." *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *6 (E.D.Mich., 2025). So does the Supreme Court. *See Jennings*, 583 U.S. at 297–303. And the Court is not going to say—effectively— that there is no difference between the two, when the Supreme Court has said that there is. *See id.* Plainly, "arriving" means "arriving," *see Pizarro Reyes*, 2025 WL 2609425, at *5 (discussing Section 1225), "already present" means "already present," *see Jennings*, 583 U.S. at 303 (discussing Section 1226), and there is no synonymity, nor ambiguity, between.

---

[1] *See, also e.g., Guerrero Orellana v. Moniz*, 25-cv-12664, 2025 WL 2809996, at *6 (D. Mass. Oct. 3, 2025); *Chanaguano Caiza v. Scott*, 25-cv-00500, 2025 WL 2806416, at *3 (D. Me. Oct. 2, 2025); *D.S. v. Bondi*, 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025); *J.U. v. Maldonado*, 25-CV-04836, 2025 WL 2772765, at *5 (E.D.N.Y. Sept. 29, 2025); *Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *7 (D.N.J. Sept. 26, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910, at *9 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. C25-4048, 2025 WL 2712427, at *5 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-96, 2025 WL 2699219, at *3 (W.D. Ky. Sept. 22, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637, at *7-8 (N.D. Cal. Sept. 16, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-cv-326, 2025 WL 2639390, at *10 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025); *Anicasio v. Kramer*, 25CV3158, 2025 WL 2374224, at *2 (D. Neb. Aug. 14, 2025); *Lopez Benitez v. Francis*, No. Civ. 5937, 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025); *Rosado v. Figueroa*, No. CV 25-02157, 2025 WL 2337099, at *10 (D. Ariz. Aug. 11, 2025).

To sum up, it has been thirteen years since Petitioner *arrived* (think Section 1225) in the United States, and he has instead been *present* (think Section 1226) ever since, including at the moment he was detained. *See* ECF No. 1-3. Because the BIA has erroneously subjected him to the strictures of Section 1225, he is likely to succeed on the merits of his habeas petition. *See Kostak*, 2025 WL 2472136, at \*\*2–3.

## 2. *Imminent Risk of Irreparable Harm*

Petitioner "faces a period of mandatory detention … likely in violation of the statutory scheme." *See S.D.D.B.*, 2025 WL 2845170, at \*10. The erroneous deprivation of an alien's liberty, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Accordingly, this factor weighs in favor of injunctive relief.

## 3. *Balance of Equities and (4) the Public Interest*

"Because the Court has also found it likely that ["Respondents"] [have] unlawfully detained [Petitioner] under Section 1225(b)(2), 'neither equity nor the public's interest are furthered' by detaining [Petitioner] without the opportunity for release on bond." *Rodriguez v. Bostock*, 779 F.Supp.3d 1239, 1263 (W.D.Wash., 2025) (quoting *Galvez v. Jaddou,* 52 F.4th 821, 832 (9th Cir. 2022)). Furthermore, Petitioner, "established at a bond hearing to the satisfaction of an IJ that he was neither a flight risk nor danger to the community, such that the Government's interest in his continued detention [is] minimal." *E.C. v. Noem.*, 2025 WL 2916264, at \*12 (D.Nev., 2025); *see* ECF No. 1-3 at 3–4. And last, we agree with Petitioner that "the public has no interest in incarcerating people who have no basis to be detained." *See* ECF No. 3-1 at 11. So, this factor favors injunctive relief too.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **GRANTED**.  Respondents are to provide Petitioner with the ability to post bond in accordance with the IJ's original determination under Section 1226, no later than **Wednesday, October 29, 2025.**

**THUS DONE AND SIGNED** this 22nd day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**